# Supreme Court of the Navajo Nation

---

**Linda Harvey, Petitioner/Appellant,**
**v.**
**Kayenta Unified School District,**
**Respondent/Appellee.**
**Decided February 25, 1999**

---

## OPINION

Before YAZZIE, Chief Justice, and AUSTIN, Associate Justice.

Levon B. Henry, Esq., Tohatchi, Navajo Nation (New Mexico), for the Appellant; and C. Benson Hufford, Esq., Flagstaff, Arizona, for the Appellee.

Opinion delivered by YAZZIE, Chief Justice.

Linda Harvey ("Appellant") appeals a Navajo Nation Labor Commission ("Commission") order which dismissed her complaint against the Kayenta Unified School District ("District") for her failure to file it in a timely manner, pursuant to 15 N.N.C. § 610(J)(1)(c) (1995) of the Navajo Preference in Employment Act ("NPEA"). We reverse that decision.

## I

The Appellant was discharged from her employment with the District on August 16, 1996. She filed an employment charge with the Office of Navajo Labor Relations ("ONLR") on September 16, 1996. An ONLR employee signed the charge form on September 20, 1996, and that is the official date of filing pursuant to 15 N.N.C. § 610(B) (4).

On April 8, 1997, ONLR issued a "Notice of Right to Sue" which entitled the Appellant to file a complaint against the District with the Commission. The Commission statute at 15 N.N.C. § 610 (J)(1)(c) requires that any such complaint must be filed within 360 days from the date of the filing of the original charge with ONLR. The original charge was filed with ONLR on September 20, 1996 and the complaint was filed with the Commission on October 8, 1997. That was 383 days after the filing of the initial charge.

On January 20, 1998, the Commission dismissed the complaint on its own motion under section 610(J) (1). The Commission order states:

Having determined that satisfying § 610(J)(1)(c) is a jurisdictional prerequisite

to conducting a Commission hearing under the NPEA, failure to satisfy § 610(J)(1)(c) is a fatal defect in the complaint that completely deprives the Commission of jurisdiction to hear the complaint. Jurisdiction cannot be created in the Commission where none was provided by statute, therefore, the Commission must dismiss the complaint on its own motion as required by § 610(J)(1).

*Harvey v. Kayenta Unified School District*, No. NNLC 97-035, Commission Order at 2 (January 20, 1998). The Appellant filed a timely appeal with this Court on February 3, 1998.

## II

The issue is whether the Commission erred by dismissing the Appellant's complaint on its own motion for her failure to file it within 360 days after September 20, 1996. We hold that the Commission erred by failing to provide the Appellant with an opportunity to assert that there was an equitable tolling of the statutory period. We reverse and remand this case for further proceedings.

## III

The time limitation for the filing of a charge with the Commission is set out at 15 N.N.C. § 610 (J)(1)(c), namely, the condition for the initiation of Commission proceedings that "[t]he complaint was filed within 360 days following the date on which the underlying Charge was filed." The question is whether this is jurisdictional or whether this is a limitation of actions. The statute appears to be a hybrid of a jurisdictional statute and a limitations statute.

In the case of *Estate of Goldtooth Begay No. 2*, 6 Nav. R. 405 (1991), we addressed the issue of whether a family court could properly dismiss a probate petition on its own motion because it was filed beyond the period allowed by the statute of limitations. We reversed because a statute of limitations is not a jurisdictional statute and the statute only gives an affirmative defense which must be raised by a party. If the defense is not raised, the statute of limitations is waived. *Id.* at 406.

In this instance, the Commission ruled that the Appellant's failure to comply with section 610(J)(1) required dismissal, but the Commission took action on its own motion and there was no motion to dismiss by the District. The procedures used for Commission complaints are very similar to the provisions of Title VII of the U.S. Civil Rights Act of 1964, which provides for an investigation of discrimination charges by the Equal Employment Opportunity Commission, a similar right to sue letter, and filing with a United States District Court within 360 days of the filing of a Commission complaint. Federal law provides for equitable tolling of the 360-day requirement. That is, if there is conduct on the part of a defendant which contributed to filing beyond 360 days, the limitation is tolled.

There may be other situations which toll the statutory period.

Similarly, considerations of fairness and substantial justice require that parties have similar opportunity to assert equitable tolling before the Commission. Even in the absence of motion on the part of the District, the Commission should have given the Appellant notice of the Commission's intent to dismiss the complaint to permit her to assert equitable tolling of the time period, if that is appropriate. The law prefers decisions on the merits and, in the absence of egregious action, disputes should not be dismissed on procedural grounds.

Accordingly, the January 20, 1998 decision of the Navajo Nation Labor Commission is reversed. This cause is remanded for further proceedings in accordance with this opinion.